# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWIN O. JARQUIN-ROSADO and EVIE M. JARQUIN,

    Plaintiffs,

-vs-

AMAZON LOGISTICS, INC., a Delaware corporation, MAKA ENTERPRISES, LLC, an Indiana corporation, and DELICIA B. MANZO-GARCIA,

    Defendants.

Case No.  1:24-cv-1274

HON.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Robert J. Buchanan (P42006)
BUCHANAN FIRM
452 Ada Dr. SE, Suite 300
Ada, MI 49301
(616) 458-2464
rjb@buchananfirm.com
ATTORNEYS FOR PLAINTIFFS

John T. Eads III (P43815)
Reno R. Arabo (P83692)
GORDON REES SCULLY MANSUKHANI
37000 Woodward Avenue, Suite 225
Bloomfield Hills, MI 48304
(313) 756-6401
johneads@grsm.com
ATTORNEYS FOR DEFENDANTS MAKA AND MANZO-GARCIA

John C. Stiglich II (P82474)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3128
John.stiglich@wilsonelser.com
ATTORNEYS FOR DEFENDANT AMAZON

---

Plaintiffs, Edwin O. Jarquin-Rosado and Evie M. Jarquin, through their attorneys, Buchanan Firm, state:

## NATURE OF THE CASE

1. This lawsuit by plaintiffs Edwin O. Jarquin-Rosado and Evie M. Jarquin arises from an **Amazon delivery truck crashing into a motorcycle** in Bainbridge Township, Michigan on August 19, 2023. Before turning left into the oncoming lane, the Amazon truck, driven by defendant Delicia B. Manzo-Garcia (an agent of both defendants Amazon Logistics, Inc. and MaKa Enterprises, LLC), recklessly failed to yield right of way to the approaching motorcycle. **The at-fault Amazon truck caused a crash and severe, permanent, and disabling injuries to Edwin**.

## PARTIES AND JURISDICTION

2. Plaintiffs, Edwin O. Jarquin Rosado ("**Edwin**") and his wife, Evie M. Jarquin ("**Evie**"), are residents of Berrien County, Michigan.

3. Defendant Amazon Logistics, Inc. ("**Defendant Amazon**") is a for-profit Delaware corporation with its principal place of business in the State of Washington. At all relevant times, Defendant Amazon was doing business in Michigan.

4. Defendant MaKa Enterprises, LLC ("**Defendant MaKa**") is a for-profit Indiana corporation with its principal place of business in South Bend, Indiana. At all relevant times, Defendant MaKa was doing business in Michigan.

5. Defendant Delicia B. Manzo-Garcia ("**Defendant Manzo-Garcia**") is a resident of Elkhart County, Indiana. On August 19, 2023, she was working and driving a motor vehicle (a delivery truck) in Michigan.

6. At the time of the August 19, 2023 crash, Defendant Manzo-Garcia was driving a delivery truck owned by Defendant Amazon.

7. At all times relevant to this Complaint, Defendant Amazon permitted Manzo-Garcia to drive its truck.

8. At the time of the August 19, 2023 crash, Defendant Manzo-Garcia was acting within the scope and course of her agency for Defendant Amazon.

9. On August 19, 2023, Defendant Manzo-Garcia was employed by Defendant MaKa, and at the time of the crash was acting within the scope and course of her employment/agency.

10. This Court has original jurisdiction in this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Venue is proper in this district under 28 U.S.C § 1391(b)(2) because the delivery truck/motorcycle crash giving rise to this lawsuit occurred in Berrien County, Michigan, a location within this district.

## GENERAL ALLEGATIONS

### THE AMAZON DELIVERY TRUCK AND ITS DRIVER

12. In August 2023, Defendant Amazon owned the delivery truck, a 2022 Ram Promaster 3500 cargo truck ("**the Amazon truck**"). Its gross weight was 10,000 pounds without cargo.

13. The Amazon truck was painted blue and branded with "Amazon," "Prime," the smile logo, and other trade names and markings owned by Amazon.

14. On August 19, 2023, the Amazon truck was operating under and displayed Amazon's US Department of Transportation (USDOT) registration numbers for interstate commerce.

15. In August 2023, the Amazon truck was used exclusively for the delivery of goods for Amazon.

16. At all times relevant to this Complaint, agreements existed between Defendant Amazon and Defendant MaKa, where Defendant MaKa acted as an "Amazon Delivery Service

3

Partner" and engaged in activities, including exclusive delivery of goods for Amazon, in compliance with Defendant Amazon's detailed performance guidelines, directives, and controls.

17.  In 2023, for instance, Defendant Amazon prohibited the Amazon truck from being used to deliver the goods of a competitor or anyone else.

18.  At all times relevant to this Complaint, Defendant Manzo-Garcia engaged in activities, including exclusive delivery of goods for Amazon, in compliance with Defendant Amazon's detailed guidelines, controls, and directives.

19.  At the time of the August 19, 2023 crash, Defendant Manzo-Garcia was wearing an Amazon-branded uniform.

20.  On August 19, 2023, Defendant Manzo-Garcia was delivering goods exclusively for Defendant Amazon.

21.  On August 19, 2023, Defendant Manzo-Garcia was using the Amazon truck, Amazon-required software applications and devices, and following detailed guidelines, directives, and controls that Defendant Amazon required for delivery work.

## MOTOR VEHICLE CRASH OF AUGUST 19, 2023

22.  On August 19, 2023 about 3:20 pm, Edwin was driving a 1997 Harley Davidson 1200 motorcycle ("**the motorcycle**") east on Meadowbrook Road in Berrien County, Michigan.

23.  At the same time, Defendant Manzo-Garcia was driving the Amazon truck west on Meadowbrook Road.

24.  The motorcycle and Amazon truck approached each other on Meadowbrook Road from opposite directions. The roadway was straight and dry, the weather was clear, and there was no other traffic nearby or any visual obstruction.

25.  Before turning left into the oncoming lane, Defendant Manzo-Garcia failed to yield right of way to the approaching traffic and crashed into the motorcycle.

BUCHANAN FIRM

4

26. The Amazon truck caused severe, permanent, and disabling injuries to Edwin, and significant damage to the motorcycle.

27. Defendant Manzo-Garcia was uninjured but offered no aid or assistance to Edwin after the crash.

### THE TRUCK DRIVER WAS FOUND CRIMINALLY RESPONSIBLE FOR THE CRASH AND EDWIN'S SEVERE INJURIES

28. The Berrien County Prosecutor criminally charged Defendant Manzo-Garcia for committing a moving violation while operating a motor vehicle that was the cause of serious injuries to another person (MCL 257.601d).

29. Defendant Manzo-Garcia did not contest the criminal charge.

30. The judge sentenced Defendant Manzo-Garcia to 30 days in jail followed by 12 months of probation for the crime.

### PLAINTIFFS' HARMS AND LOSSES

31. Plaintiffs, Edwin and Evie Jarquin, have sustained substantial harms and losses from the Amazon truck crash. They include Edwin's severe, permanent, and disabling physical injuries, pain and suffering, physical impairments, mental and emotional anguish and suffering, loss of future wages, loss of future earning capacity, and Evie's loss of society, companionship, and consortium, and damage to Edwin's motorcycle.

32. Plaintiffs' recoverable harms and losses in this lawsuit against Defendants include, but are not limited to:

    a. Edwin's loss of consciousness and memory after the crash, extensive tearing and shearing of the oblique muscles along his torso, 9 broken ribs, broken bones in the thoracic spin (T6 to T9), broken bone in the lumbar spine (L2), broken pelvis, broken sacrum bone, deep laceration of the liver, deep laceration of the right kidney, collapsed lung, severe bruising of both lungs, active bleeding inside the chest, and inadequate blood flow to vital organs;

    b. Loss of Edwin's future wages and loss of his earning capacity;

5

  c. Loss of Edwin's services;

  d. Edwin's pain, suffering, mental anguish, anxiety, and depression;

  e. Edwin's loss of the normal pleasures and enjoyments of life;

  f. Medical, hospital, and attendant care costs and expenses;

  g. Evie's loss of Edwin's society, companionship, love, affection, support, comfort, and consortium (derivative claims);

  h. Damage to Edwin's motorcycle; and

  i. Other damages, injuries, and consequences.

## COUNT I

## NEGLIGENCE OF THE TRUCK DRIVER - DEFENDANT MANZO-GARCIA

33. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 32 above.

34. At the time of the crash, Defendant Manzo-Garcia owed Plaintiffs a duty to use reasonable care and caution in the operation and control of the Amazon truck on public roads, and to take measures to reasonably protect the safety, health, and life of others such as Edwin. She owed a duty to obey rules of common law, traffic ordinances, and the Michigan Vehicle Code.

35. Duties owed by Defendant Manzo-Garcia to Plaintiffs included, but were not limited, to those described in Paragraphs 36 to 44.

36. <u>Never Needlessly Endanger</u>.  Defendant Manzo-Garcia owed a duty to never needlessly endanger another person while operating the motor vehicle on a public road.

37. <u>Drive Safely</u>.  Defendant Manzo-Garcia owed a duty to drive the motor vehicle safely (e.g., MCL 257.626b).

38. <u>Create No Danger</u>.  Defendant Manzo-Garcia owed a duty to create no danger to others with operating the motor vehicle.

39. <u>Safety First</u>.  Defendant Manzo-Garcia owed a duty to act with reasonable care and for safety of the others when operating the motor vehicle on a public road.

6

40. <u>Be Attentive and Avoid Distraction</u> Defendant Manzo-Garcia owed a duty to be attentive to other traffic and avoid distraction while operating the motor vehicle.

41. <u>Keep a Proper Lookout</u>. Defendant Manzo-Garcia owed a duty to keep a proper lookout for other traffic on the road.

42. <u>Yield the Right of Way</u>. Defendant Manzo-Garcia owed a duty to yield the right of way to Edwin's approaching motorcycle before turning left into the oncoming lane (e.g., MCL 257.649).

43. <u>Obey Traffic Laws</u>. Defendant Manzo-Garcia owed a duty to obey traffic laws.

44. <u>Appropriate Actions</u>. Defendant Manzo-Garcia owed a duty to take other reasonable and appropriate actions.

45. Defendant Manzo-Garcia breached the duties she owed to Plaintiffs while operating the Amazon truck.

46. Because of Defendant Manzo-Garcia's negligent conduct, she caused the crash.

47. Because of Defendant Manzo-Garcia's negligence conduct, Edwin sustained severe, permanent, and disabling injuries.

48. Defendant Manzo-Garcia is liable to Plaintiffs for her negligent conduct on August 19, 2023.

49. Defendants Manzo-Garcia is liable for all resulting harms and losses of Plaintiffs.

## COUNT II

### DIRECT AND VICARIOUS LIABILITY OF DEFENDANT AMAZON

50. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 49 above.

51. At the time of the crash, Defendant Amazon owed duties to the public generally, and to Edwin specifically, which included the duty to have any individual operating the Amazon

truck do so in a safe and reasonable manner to avoid a collision, and to refrain from violating traffic laws or causing a crash.

52. At all times relevant to this Complaint, Defendant Amazon had a right of control to actions and methods by which Defendant Manzo-Garcia performed her delivery driver work.

53. Defendant Amazon's right of control to actions and methods of Defendant Manzo-Garcia, for instance, included among others:

   a. Assigning all her package deliveries;
   b. Prohibiting her from using the truck for anything other than delivering goods for Amazon;
   c. Directing her driving routes for every delivery;
   d. Monitoring her driving habits with cameras and tracking apps;
   e. Dictating her pick up and delivery procedures;
   f. Controlling driver hiring qualifications, hours, pay, and employment benefits;
   g. Requiring her to wear Amazon-branded uniforms;
   h. Requiring her to use specified devices for her delivery work;
   i. Requiring her to submit to drug tests; and
   j. Retaining a right to discipline her.

54. Defendant Manzo-Garcia was an actual agent of Defendant Amazon.

55. Defendant Manzo-Garcia was a vicarious agent of Defendant Amazon.

56. At all times relevant to this Complaint, Defendant Manzo-Garcia was acting within the scope of her agency for Defendant Amazon.

57. Defendant Amazon is liable for any negligence of its agent Defendant Manzo-Garcia on August 19, 2023.

58. Defendants Amazon is liable for all resulting harms and losses of Plaintiffs.

BUCHANAN FIRM

**COUNT III**

**DIRECT AND VICARIOUS LIABILITY OF DEFENDANT MAKA**

59. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 58 above.

60. At the time of the crash, Defendant MaKa owed duties to the public generally, and to Edwin specifically, which included the duty to have any individual operating the Amazon truck do so in a safe and reasonable manner to avoid a collision, and to refrain from violating traffic laws or causing a crash.

61. At all times relevant to this Complaint, Defendant Maka had a right of control to actions and methods by which Defendant Manzo-Garcia performed her delivery driver work.

62. Defendant Manzo-Garcia was an employee of Defendant Maka.

63. Defendant Manzo-Garcia was an actual agent of Defendant Maka.

64. Defendant Manzo-Garcia was a vicarious agent of Defendant Maka.

65. At all times relevant to this Complaint, Defendant Manzo-Garcia was acting within the scope of her employment/agency for Defendant MaKa.

66. Defendant MaKa is liable for any negligence of its employee / agent Defendant Manzo-Garcia on August 19, 2023.

67. Defendants Maka is liable for all resulting harms and losses of Plaintiffs.

**COUNT IV**

**LIABILITY OF MOTOR VEHICLE OWNER – DEFENDANT AMAZON**

68. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 67 above.

69. Under Michigan law, the owner of a motor vehicle is liable for injury caused by the negligent operation of the motor vehicle (e.g., MCL 257.401(1)).

70. At all times relevant to this Complaint, Defendant Amazon was the owner of the Amazon truck.

71. Defendant Amazon allowed Defendant Manzo-Garcia to operate the Amazon truck with its express or implied consent and knowledge.

72. Defendant Amazon as the owner of the motor vehicle is liable for any negligent conduct of Defendant Manzo-Garcia on August 19, 2023.

73. Defendants Amazon is liable for all resulting harms and losses of Plaintiffs.

## COUNT V

## PLACARD LIABILITY / LOGO LIABILITY – DEFENDANT AMAZON

74. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 73 above.

75. At the time of the crash, the Amazon truck was painted blue and branded with "Amazon," "Prime," the smile logo, and other trade names and markings owned by Amazon.

76. At the time of the crash, the Amazon truck was operating under and displayed Amazon's US Department of Transportation (USDOT) registration numbers for interstate commerce.

77. The Amazon truck was delivering goods exclusively for Defendant Amazon.

78. Defendant Manzo-Garcia was wearing an Amazon-branded uniform.

79. At all times relevant to this Complaint, Defendant Amazon led a reasonable person to believe the truck was operated by Amazon and that its driver, Defendant Manzo-Garcia, was an agent of Amazon.

80. Under the Placard Liability Doctrine of federal law, the truck owner licensed by the US Department of Transportation is vicariously liable for the negligence of any driver of the truck, even if operated under a lease. E.g., National American Insurance Company v. Artisan and Truckers Casualty, 796 F.3d 717, 724 (7th Cir. 2015).

81. On August 19, 2023, Defendant Amazon was the carrier licensed by the US Department of Transportation for the Amazon truck.

82. Defendant Amazon is liable for the negligent operation of the Amazon truck, driven by Defendant Manzo-Garcia, on August 19, 2023.

83. Defendant Amazon is liable for all resulting harms and losses of Plaintiffs.

## COUNT VI

### DUAL AGENCY – DEFENDANTS AMAZON AND MAKA

84. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 83 above.

85. At all times relevant to this Complaint, Defendant Manzo-Garcia was an agent of both Defendant Amazon and Defendant MaKa.

86. At all times relevant to this Complaint, Defendant Amazon had a right of control to actions and methods by which Defendant Manzo-Garcia performed her delivery driver work.

87. At all times relevant to this Complaint, Defendant MaKa also had a right of control to actions and methods by which Defendant Manzo-Garcia performed her delivery driver work.

88. Defendant Amazon and Defendant Maka shared and benefited from the delivery driver services of Defendant Maka.

89. Defendant Manzo-Garcia's service as a delivery driver served two masters, Defendant Amazon and Defendant Maka.

90. Defendants Amazon and MaKa, two master, are liable for the negligent conduct of their dual agent Defendant Maka on August 19, 2023.

91. Defendants Amazon and Manzo-Garcia are liable, jointly and severally, for all resulting harms and losses of Plaintiffs.

## COUNT VII

### NEGLIGENT ENTRUSTMENT – DEFENDANTS AMAZON AND MAKA

92. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 91 above.

93. Defendant Manzo-Garcia operated the Amazon truck with Defendants Amazon and MaKa's knowledge, permission, or authority.

94. Defendants Amazon and MaKa knew, or had reason to know, that Defendant Manzo-Garcia's negligent operation of the Amazon truck was foreseeable and involved an unreasonable risk of harm to others.

95. Defendants Amazon and MaKa owed Plaintiffs a duty to use reasonable care to select a person competent and fit to perform the duties required of a truck driver, including safe operation of the Amazon truck.

96. Defendants Amazon and MaKa had a right to prohibit the use of the Amazon truck by Defendant Manzo-Garcia.

97. As a direct result of Defendants Amazon and MaKa negligently entrusting the Amazon truck to Defendant Manzo-Garcia, Plaintiffs have suffered harms and losses.

98. Defendants Amazon and Maka are liable, jointly and severally, for all resulting harms and losses of Plaintiffs.

## COUNT VIII

### JOINT VENTURE LIABILITY – DEFENDANTS AMAZON AND MAKA

99. Plaintiffs restate and incorporate the allegations of Paragraphs 1 through 98 above.

100. At all times relevant to this Complaint, Defendant Amazon and Defendant MaKa had formed an association to carry out a business enterprise for profit, for which purpose they combined property, money, efforts, skill, and knowledge. This association constituted a joint venture.

101. Defendant Maka did delivery work exclusively for Defendant Amazon in their common undertaking.

102. Defendants Amazon and MaKa are liable for the negligent and tortious acts or omissions of each other (and their agents) in the business enterprise.

103. Defendants Amazon and MaKa are liable for the negligent conduct of Defendant Maka on August 19, 2023.

104. Defendants Amazon and Manzo-Garcia are liable, jointly and severally, for all resulting harms and losses of Plaintiffs.

## PRAYER FOR RELIEF

ACCORDINGLY, Plaintiffs request this Court to enter a judgment against Defendants and in favor of Plaintiffs:

    a. Awarding Plaintiffs all amounts determined by the jury to be full and fair compensation for all injuries, damages, harms, and losses;

    b. Awarding Plaintiffs interest;

    c. Awarding Plaintiffs costs and attorney fees; and

    d. Ordering such other relief as the Court deems just and equitable.

BUCHANAN FIRM
Attorneys for Plaintiffs

Date: December 3, 2024        BY: _____
                                                      Robert J. Buchanan (P42006)

BUSINESS ADDRESS & TELEPHONE NO.

    452 Ada Dr. SE, Suite 300
    Ada, MI 49301
    (616) 458-2464

**JURY DEMAND**

Plaintiffs, Edwin O. Jarquin-Rosado and Evie M. Jarquin, through their attorneys, Buchanan Firm, demand a trial by jury.

                                        BUCHANAN FIRM
                                        Attorneys for Plaintiffs

Date: December 3, 2024         BY: _____
                                          Robert J. Buchanan (P42006)

                                        BUSINESS ADDRESS & TELEPHONE NO.

                                            452 Ada Dr. SE, Suite 300
                                            Ada, MI 49301
                                            (616) 458-2464

BUCHANAN FIRM